954 So.2d 349 (2007)
Tammy Frazier, Wife of/and Timmie Clyde FRAZIER, Plaintiffs-Appellants
v.
Rosia BRYANT, Garrett Bryant, ABC Insurance Co., Ronald Hughes, Ron's Lawn Care and XYZ Insurance Co., Defendants-Appellees.
No. 41,978-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2007.
Robert M. Hanna, Shreveport, for Appellants.
Lunn, Irion, Salley, Carlisle & Gardner, by James A. Mijalis, W. Orie Hunter, III, Richard B. King, Jr., Shreveport, for Appellee, Ronald Hughes d/b/a Ron's Lawn Care.
Colvin, Weaver & Cerniglia, L.L.C., by Charles E. Weaver, Shreveport, for Rosia Bryant, Loreather Gail Garrett, Loneal Bryant and The American Central Ins. Co.
Before WILLIAMS, STEWART & SEXTON (Pro Tempore), JJ.
*351 SEXTON, J.
Plaintiffs, Timmie Clyde Frazier and his wife, Tammy Frazier, appeal the summary judgment granted in favor of Defendants, Rosia Bryant, Dr. Loreather Gail Garrett, Loneal Bryant and the American Central Insurance Company[1] (collectively "the Bryants"), and the summary judgment granted in favor of Defendant Ronald Hughes, d/b/a Ron's Lawn Care. Mr. Frazier was severely injured when he fell 50 feet from a tree located on Dr. Garrett's property, which was occupied by the Bryants. At the time of the accident, the Bryants had hired Mr. Hughes, through his business as Ron's Lawn Care, to remove the tree; Mr. Hughes, in turn, engaged Mr. Frazier for the job. Mr. Frazier was in the process of removing the top portion of the tree when he fell. Finding that no genuine issue of material fact existed as to liability of any of the Defendants, the trial court granted Defendants' motions for summary judgment and dismissed Plaintiffs' claims against all Defendants. Plaintiffs appeal. We affirm.

FACTS
Mr. and Mrs. Bryant lived on a property owned by Dr. Garrett, Mrs. Bryant's daughter, based on a verbal lease between them. Mr. Bryant sought to have a large tree removed from the property because the tree was leaning toward the house and several of the limbs of the tree were near or over the roof. They contacted Mr. Hughes, as proprietor of Ron's Lawn Care, for that purpose. Mr. Hughes then hired Mr. Frazier for the task as he had previously approached Mr. Hughes offering his services in tree removal.
The accident occurred during the removal of the tree. Mr. Frazier had climbed up to the top of the tree and was proceeding to cut away the top limbs. He wore a climbing harness and was attached to a climbing rope that was strung over the top of the tree. Mr. Frazier also had with him a lanyard rope that would have secured him to the tree by going around the tree and attaching to him on both sides. Mr. Frazier, apparently, had not connected the lanyard rope around the tree and was attached only to the climbing rope. Mr. Hughes was using his pickup truck to direct portions of the tree away from the house. Also at the property during the tree removal was Mr. Bryant, Mr. Bryant's assistant, Mr. Frazier's father, who is since deceased, Annette Frazier, Mr. Frazier's sister and her boyfriend. Mrs. Bryant was inside the house during the tree removal.
As the tree removal operation proceeded, Mr. Frazier, from up in the tree, signaled to Annette Frazier, who in turn signaled to Mr. Hughes to pull and to stop. At some point, Mr. Hughes pulled with his pickup truck and the entire top of the tree came down. Mr. Frazier was still attached to the climbing rope and came down with the tree. As a result of his fall, Mr. Frazier sustained a broken left arm, broken ribs and a closed head injury, which resulted in severe brain damage. Plaintiffs allege that the injury left Mr. Frazier with the mental capacity of a 12-year-old. The instant litigation resulted.
Mr. and Mrs. Bryant, Dr. Garrett and their insurer, American Central Insurance Company, filed an early motion for summary judgment. It was initially granted, but was then set aside by the trial court on Plaintiffs' motion for new trial. After additional discovery, Mr. Hughes, d/b/a Ron's *352 Lawn Care, filed a motion for summary judgment and the Bryants filed another motion for summary judgment. The trial court granted both and dismissed Plaintiffs' claims against all Defendants with prejudice. Plaintiffs appeal.

DISCUSSION
The standard of review for the grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. Appellate courts review summary judgments de novo under the same criteria that govern a trial court's consideration of whether or not a summary judgment is appropriate-(1) whether there exists a genuine issue of material fact and (2) whether or not the mover is entitled to judgment as a matter of law. Id. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue is a triable issue on which reasonable persons could disagree. Jones, supra, citing Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Further, a fact is material when "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Jones, supra, quoting Smith, supra.
In a motion for summary judgment, the burden of proof is on the movant. La. C.C.P. art. 966(C)(2). The movant's burden does not require him to negate all essential elements of the adverse party's claim; but, rather, the burden on the movant at summary judgment is to demonstrate an absence of factual support for one or more elements essential to the adverse party's claim. Then, if the non-movant fails to produce sufficient factual support to show he can meet his evidentiary burden at trial, there is no genuine issue of material fact. Id.
Plaintiffs assert general negligence claims against Mr. Hughes and the Bryants. Under Louisiana jurisprudence, most negligence cases are resolved by employing a duty/risk analysis, which entails five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element). Hanks v. Entergy Corp., 06-477 (La.12/18/06), 944 So.2d 564. A plaintiff must succeed on all elements to establish the liability of a defendant. Id.
After our de novo review of the record, we find no genuine issue of material fact. Attached to the various motions for summary judgment were the depositions of each Plaintiff, Mr. Hughes, Mr. Bryant and Annette Frazier, and a sworn affidavit of Mrs. Bryant and Mr. Hughes. The trial court struck Mrs. Bryant's affidavit to the extent any statement exceeded her personal knowledge. Due to the extent of his injuries, Mr. Frazier was unable to remember the accident. According to Mr. Hughes, Mr. Bryant and Annette, at the moment of the accident, Mr. Hughes was pulling because he was instructed to do so. Further, the deposition testimony does not create a genuine issue of material fact that any Defendant exercised such control over the operation as to be liable *353 for the accident. We find nothing in the depositions that create a genuine issue of material fact that would make any Defendant liable under general negligence.
Plaintiffs further maintain that the Bryants are liable for failing to warn Mr. Frazier of any defective condition of the tree. Liability for a thing under one's ownership or custody is governed by La. C.C. art. 2317.1.
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
An essential element for this liability is that a ruin, vice or defect existed that created an unreasonable risk of harm. Davis v. Diamond Shamrock Refining & Marketing Co., 34,309 (La.App.2d Cir.12/6/00), 774 So.2d 1076. Further, the defect must cause the plaintiff's injury. Id. The depositions and affidavits contained in the record do not create a genuine issue of material fact that any defect in the tree existed. At most, the depositions suggest that the tree was leaning due to erosion at the base of the tree and nothing indicates that this condition caused Mr. Frazier's fall.

CONCLUSION
From our de novo review of the record, we conclude that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law. We affirm the trial court's granting of Defendants' motions for summary judgment and dismissing them with prejudice. Costs herein are assessed against Plaintiffs, Timmie Clyde Frazier and Tammy Frazier.
AFFIRMED.
NOTES
[1] The original petition named as Defendants Rosia Bryant, Garrett Bryant, Ronald Hughes and ABC Insurance Company. The Defendants' actual names were corrected by two amending and supplementing petitions.